## STATE OF CONNECTICUT *v.* KALID HESTER
### (9970)

NORCOTT, FOTI and LANDAU, Js.

Argued June 5—decision released August 4, 1992

*Barry A. Butler,* assistant public defender, with whom, on the brief, was *William Holden,* public defender, for the appellant (defendant).

*Donald A. Browne,* state's attorney, with whom, on the brief, was *Jonathan Benedict,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault of a peace officer in violation of General Statutes § 53-167c (a) (1) and larceny in the sixth degree in violation of General Statutes §§ 53a-119 and 53a-125b (a).[1] On appeal, the defendant claims that the trial court improperly instructed the jury on the defense of justification concerning the initial aggressor, and the stan-

---

[1] The defendant was found not guilty of attempted murder in violation of General Statutes §§ 53a-54a (a) and 53a-49.

dard for determining reasonable physical force. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On Saturday, July 15, 1989, at approximately 5:15 p.m., the defendant was observed in the rear of the Ally Oop clothing store in Fairfield where some Batman tee shirts had been stolen earlier that day. After the defendant exited the store, Fairfield detective Christopher Lyddy observed him walking quickly down an alley next to the building. The defendant took a white bag from some bushes behind the store and returned through the alley to the street. After learning from the store owner about the stolen tee shirts, Lyddy confronted the defendant and observed a partially open white plastic bag containing Batman tee shirts on a bus stop bench near the defendant. When apprehended, the defendant was using a public telephone in the bus stop enclosure.

After identifying himself and displaying his badge, Lyddy arrested the defendant and searched him for weapons. As Lyddy attempted to handcuff the defendant's left wrist, the defendant spun around and struck a glancing blow to the officer's head with his right hand. The defendant attempted to run, but Lyddy grabbed the defendant by the shoulders and fell on top of him. The defendant then grabbed the officer's service revolver and placed the barrel against Lyddy's stomach. Lyddy seized the cylinder to prevent the weapon from firing. They continued to struggle for several minutes until, with the aid of a bystander, Lyddy removed the pistol from the defendant's hand. Lyddy sustained injuries as a result of the struggle.

The defendant first claims that the trial court misstated a portion of the jury charge regarding self-defense. The original transcript indicated that the jury had been instructed that the defendant could not be

found guilty unless the state could prove that he "wasn't" the initial provocateur or aggressor and did not attempt to withdraw. The state filed a motion to rectify the trial transcript, and, after a hearing on the state's motion, the court granted the relief requested. The transcript was rectified to reflect the trial court's instruction that the state had to prove that the defendant "was" the initial provocateur or aggressor. We granted the defendant's motion for review but denied the relief requested, thereby declining to reverse the trial court's decision.

The defendant's first claim is, in essence, a request that we reconsider our action in regard to his motion for review. We decline to do so, and, thus, this claim must fail. *State* v. *Holloway,* 22 Conn. App. 265, 275, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990); *Harris Calorific Sales Co.* v. *Manifold Systems, Inc.,* 18 Conn. App. 559, 568, 559 A.2d 241 (1989).

The defendant next claims that the trial court improperly instructed the jury on the defense of justification by using an improper standard for determining reasonable physical force. He claims that the court, in explaining the defense of justification, stated twice that "reasonable force is that force which an average person of ordinary intelligence and like circumstances would judge to be necessary."

General Statutes § 53a-19,[2] which justifies the use of physical force for purposes of self-defense, presents a question of fact that focuses on what the person asserting the defense reasonably believes under the circumstances. *State* v. *DeJesus,* 194 Conn. 376, 389, 481

---

[2] General Statutes § 53a-19 (a) provides in pertinent part: "[A] person is justified in using reasonable physical force upon another person to defend himself . . . from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose . . . ."

A.2d 1277 (1984). "Self-defense thus requires the trier of fact to measure the justifiability of the defendant's actions from a subjective perspective." *State* v. *Hall*, 213 Conn. 579, 586, 569 A.2d 534 (1990). "The Connecticut test for the degree of force in self-defense is a subjective-objective one. The jury must view the situation from the perspective of the defendant. Section 53a-19 (a) requires, however, that the defendant's belief ultimately must be found to be reasonable." *State* v. *DeJesus,* supra, 389 n.13.

The standard of review to be applied to a claim of an improper instruction on the elements of self-defense is whether it is reasonably possible that the jury was misled. *State* v. *Grullon,* 212 Conn. 195, 204, 562 A.2d 481 (1989); *State* v. *Corchado,* 188 Conn. 653, 660, 453 A.2d 427 (1982). The charge is to be read as a whole; sections are not to be judged in isolation from the overall charge. *State* v. *Reed,* 174 Conn. 287, 305, 386 A.2d 243 (1978). The charge is not to be "critically dissected in a microscopic search for possible error." *State* v. *Foreshaw,* 214 Conn. 540, 548, 572 A.2d 1006 (1990). The test to be applied to any part of a charge is whether the charge as a whole presents the case to the jury in a manner to prevent injustice. *State* v. *Maturo,* 188 Conn. 591, 599, 452 A.2d 642 (1982). We review the whole charge to determine whether it sufficiently guided the jury to a proper verdict. *State* v. *Shaw,* 24 Conn. App. 493, 499, 589 A.2d 880 (1991).

It is obvious from reading the instruction that the trial court properly addressed the subjective aspects of the self-defense justification claim. Our review reveals no reasonable possibility that the jury was misled. The trial court instructed the jury, in language similar to that of § 53a-19 (a), that "[a] person is justified in the use of reasonable physical force upon another when he reasonably believes that such force is necessary to protect himself . . . ." The court further

instructed that "the danger or apparent danger claimed by the defendant is to be determined from his standpoint at the time of the attack and under all the existing circumstances, the act leading to the defendant's claim of self-defense need not be an actual threat or assault. The test is not what the other person actually intended but what the aggressor's act caused the defendant to reasonably believe was his intention. In other words, the danger need not have been actual, real, imminent or unavoidable. In judging the danger to himself, however, the defendant is not required to act with infallible judgment." Thereafter, in instructing the jury on the use of deadly force, the court stated: "[The defendant] may justifiably use deadly force only if he reasonably believes that the other person was using or about to use deadly physical force or inflicting or about to inflict great bodily harm."

"Taken as a whole the charge sufficiently apprised the jury that the test for self-defense is both subjective and objective." *State* v. *Williams,* 25 Conn. App. 456, 466, 595 A.2d 895, cert. denied, 220 Conn. 916, 597 A.2d 339 (1991). The court herein, unlike the court in *Williams,* used language similar to that of § 53a-19 (a). Although the challenged portion of the jury instruction here is nearly identical to that challenged in *Williams,* a meaningful distinction between the facts of *Williams* and the facts of the present case can be made based on the trial court's use of language from § 53a-19 (a). We conclude that it is not reasonably possible that the jury was misled. Because it is not reasonably possible that the jury was misled, even if the instruction on the subjective-objective use of force was improper, any error was harmless beyond a reasonable doubt.

The judgment is affirmed.

In this opinion the other judges concurred.